UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| CHARLES HARTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-094 |
| | ) | |
| LT. HOLLIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* Plaintiff Charles Hartman, a prisoner at Coastal State Prison, has submitted a 42 U.S.C. § 1983 Complaint alleging that prison officials failed to protect him from being stabbed and hit with a lock by other inmates, that officials "bring[] dope" into the prison and allow inmates to fight, that his personal property was stolen, that he has suffered "food poison[ing]" and lost weight due to unsanitary prison conditions and insufficient calories in meals, and that he is being denied the opportunity to shower, access the law library and legal mail, and spend an "hour out [of his] cell." *See generally* docs. 1 & 1-2. He seeks to proceed *in forma pauperis* (IFP). Doc. 2. As the IFP application is incomplete, he is **DIRECTED** to supplement his request by May 2, 2022.

First, the application directs applicants who are not presently employed to state the last date of their employment and their wages per month. Doc. 2 at 1. Although Plaintiff indicates that he worked at McDonald's in 2019, he does not include his monthly wages. *Id.* Given the length of time since his last employment, that omission might be excused. Second, however, he left blank the portion requiring him to disclose the present balance of his prison trust account, and the total deposits to the account for the past six months. *Id.* at 2. That information is necessary to evaluate whether he can be permitted to proceed *in forma pauperis*.

The Court cannot assume that the lack of information reflects a lack of resources and an inability to pay the filing fee. Wary of indigency claims where information appears to have been omitted, and cognizant of how easily one may consume a public resource with no financial skin in the game,[1] this Court demands supplemental information from

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she

dubious IFP movants. *See, e.g.*, *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345 (S.D. Ga. 2013); *Robbins v. Universal Music Grp.*, 2013 WL 1146865 at *1 (S.D. Ga. Mar. 19, 2013).[2]

To that end, the Court tolerates no lies. *Ross v. Fogam*, 2011 WL 2516221 at *1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n.3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of*

---

offered no reason why she cannot find employment), *cited in In re Zow*, 2013 WL 1405533 at *2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, inter alia, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee); *Swain v. Colorado Tech. Univ.*, 2014 WL 3012730 at *1 n.1 (S.D. Ga. May 14, 2014).

[2] *See also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Mullins v. Barnhart*, 2010 WL 1643581 at *1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds).

3

*North America*, LLC, 2013 WL 842515 (11th Cir. Mar. 6, 2013) ("Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court.").[3]  Plaintiff's application for IFP status omits material details.  He, therefore, must properly fill out his application to proceed IFP, answering all presented questions.[4]

---

[3]  Furthermore, liars may be prosecuted.  *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n.2 (S.D. Ga. 2012) (collecting sanction cases).

[4]  A few important points must be underscored here:

> First, proceeding [IFP] in a civil case is a privilege or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993).  Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1).  The grant, denial, or other decision concerning an [IFP] application requires the court to exercise discretion.  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir.2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny in [IFP] s status under 28 U.S.C. § 1915 is discretionary).

*Lafontaine v. Tobin*, 2013 WL 4048571 at *1 (N.D. Iowa Aug. 9, 2013) (emphasis added); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

Providing this information will better illuminate his true financial condition. In that regard, he must again declare the facts he pleads to be true, and sign his name to that declaration—under penalty of perjury. If he does not use a preprinted IFP form to respond (hence, if he uses a blank sheet of paper), he must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1). The Clerk is **DIRECTED** to serve with this Order a blank IFP form for Plaintiff's convenience. Failure to comply with this directive will result in a recommendation of dismissal on IFP-deficiency grounds alone. *Kareem v. Home Source Rental*, 2014 WL 24347 at *1 (S.D. Ga. Jan. 2, 2014).

**SO ORDERED**, this 19th day of April, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA